UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.                                        DECISION AND ORDER
                                                       09-CR–321

KEVIN L. DONALDSON,

                        Defendant.

---

### *Introduction*

Defendant Kevin L. Donaldson is charged with five counts of transporting and attempting to transport a minor in interstate commerce with the intent to engage in sexual activity, in violation of 18 USC §§ 2423(a) and (e). Three of the counts are related to defendant's alleged transportation of his two minor step-daughters ("Victim 1" and "Victim 3"). Two counts are related to defendant's alleged transportation of his minor niece ("Victim 2").

Defendant is also charged with one count of witness tampering in violation of 18 USC § 1512(b)(1). This count is related to letters allegedly sent by defendant to Victim 2, asking her to testify on his behalf at trial.

A Fourth Superseding Indictment alleges that defendant, an over-the-road truck driver, took each Victim as a passenger on one or more separate interstate trucking trips with the intent to engage in sexual contact, and did in fact sexually

assault or rape the Victims on each trip. The interstate trucking trips occurred from in or around April 2004 through in or around July 2007.

Separate and apart from the alleged conduct during the interstate trucking trips that form the basis of the Fourth Superseding Indictment, Victim 1 and Victim 2 state that Defendant raped them on other occasions. These other alleged rapes occurred in New York, and are not part of the instant federal charges. Specifically, Victim 2, defendant's niece, alleges that defendant raped her at his residence in Mount Morris, New York, in the summer of 2003. Victim 1, defendant's step-daughter, alleges that defendant raped her at his residence in Mount Morris, New York in 2004. Victim 1 also alleges that Defendant raped her at his residence in January 2009. In November 2009, following a three day jury trial in New York state court, defendant was convicted of rape in the 3rd degree and endangering the welfare of a child. The conviction arose from the January 2009 rape of Victim 1.

The Government has made a motion in limine to admit evidence of these other alleged rapes of Victim 1 and Victim 2 and Defendant's November 2009 rape conviction, pursuant to Federal Rules of Evidence 413 and 414, to show defendant's propensity to commit the offenses charged. The evidence sought to be admitted pursuant to Rules 413 and 414 specifically includes: (1) the fact of, and the underlying facts supporting, defendant's November 2009 state court conviction for rape of Victim 1; (2) defendant's alleged rape of Victim 1 at his

residence in 2004; and (3) defendant's alleged rape of Victim 2 at his residence in 2003.[1] The Government intends to introduce this evidence through the direct testimony of Victim 1 and Victim 2.[2] The Government also intends to offer, as exhibits, defendant's November 2009 certified state court conviction for rape of Victim 1 and a recording of a January 2009 telephone call between Victim 1 and defendant, during which defendant makes statements evincing a consciousness of guilt. Defendant contends that while this evidence may be technically admissible, its probative value is substantially outweighed by its danger of unfair prejudice. Thus, defendant contends that it should be excluded pursuant to Federal Rule of Evidence 403.

In addition to the evidence regarding defendant's prior rapes, the Government seeks to introduce, in its case-in-chief, three derogatory or sexually explicit comments made by defendant in or around 2007. The Government

---

[1] The Government's motion in limine also sought to introduce evidence that defendant molested a minor female relative when she was approximately four years old. The Government intended to introduce this evidence through testimony by the minor relative, who is now eight years old. During oral argument, the Government conceded that the probative value of the minor witness's testimony might not outweigh its risk of unfair prejudice to defendant. The Government agreed to withdraw its request to allow the eight-year old's testimony.

[2] Initially, the Government also sought to introduce various other witnesses including a family member, school officers, a doctor and a Salamanca police lieutenant to testify regarding instances of prior sexual contact between defendant and Victim 1. However, during oral argument, the Government stated that, should it be permitted to introduce Victim 1's testimony about the prior rapes and defendant's state court conviction, it did not intend to call these individuals to testify during its case-in-chief. Instead, the Government reserved the right to call these individuals as rebuttal witnesses, if needed to bolster the credibility of Victim 1 after her cross-examination.

contends that these statements are admissible pursuant to Federal Rule of Evidence of 404(b), as they demonstrate that defendant is "obsessed with sex" and therefore has motive to commit the instant offenses. The Government also states that should defendant testify, the Government intends to cross-examine him regarding his September 1994 conviction for theft of services, his August 1998 conviction for criminal possession of a forged instrument, and his failure to abide by a March 2009 Cattaraugus County Family Court order. Defendant objects to the use of any of this evidence.

As explained in detail below, the Court finds that the Government may elicit testimony from Victims 1 and 2 regarding other alleged rapes by defendant. The Court finds that the Government is also permitted to introduce a certified record of defendant's November 2009 state court conviction for rape of Victim 1 and the January 2009 recorded telephone call between defendant and Victim 1. In order to ensure that the jury keeps the evidence of alleged prior rapes in proper perspective, a limiting instruction will be provided at the time the evidence is first admitted and again during the final jury charge. The Government has submitted proposed limiting instructions, which the Court has taken under advisement.

However, the Government is not permitted to introduce defendant's sexually explicit comments or statements from 2007 nor is the Government permitted to cross-examine defendant regarding his prior convictions for theft of services and possession of a forged instrument, or his violation of the family court

4

order.

## *Discussion*

### Rule 413 and 414 Evidence

Generally, propensity evidence, or proof that a defendant engaged in similar conduct before and that, therefore, he or she is likely guilty of the charged act, is inadmissable. *See* Fed. R. Evid. 404(b). However, in 1994, Congress specifically altered this rule with respect to sex offense cases by adopting Rules 413 and 414 of the Federal Rules of Evidence. Federal Rule of Evidence 413(a) provides that "in a criminal case in which the defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault and the evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). Similarly, Federal Rule of Evidence 414(a) provides that "in a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Now, in sexual assault and child molestation cases, evidence that a defendant committed a prior similar offense or act is admissible, and may be considered for any matter to which it may be relevant, including the defendant's propensity or proclivity to commit such offenses. *See* Fed. R. Evid. 413, 414; *US v. Larson*, 112 F.3d 600 (2d Cir. 1997).

The vast majority of federal courts, including the Second Circuit, have

recognized the broad and inclusive nature of Rule 413 and Rule 414. *See e.g., Larson*, 112 F.3d at 605 ("The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial."); *United States v. Davis*, 624 F.3d 508 (2d Cir. 2010) (noting that the legislative sponsors of Rule 414 expected that convictions within its ambit would normally be admitted and that "their prejudicial value would normally not be outweighed by the risk of prejudice"); *Morris v. New York*, 2008 U.S. Dist. LEXIS 25038 (EDNY 2008) (concluding that Federal Rule of Evidence 413 "renders evidence of prior sexual assault presumptively admissible in a federal prosecution for sexual assault").

Evidence that may be admissible under either Rule 413 or Rule 414 still must meet the other requirements of the Federal Rules of Evidence, including the hearsay rules and Rule 403. *See Larson*, 112 F.3d at 604. Federal Rule of Evidence 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant contends that while Rule 413 and Rule 414 open the door to propensity evidence in sex offense cases, the probative value of the evidence here is substantially outweighed by the danger of unfair prejudice. While this Court recognizes the inherent potential prejudice of this type of evidence, it is

6

important to note that the Second Circuit has repeatedly recognized that in sexual assault and child molestation cases, the presumption is that evidence of prior acts of sexual assault or child molestation is relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice. *Larson*, 112 F.3d at 604.

Defendant argues that his November 2009 state court conviction for rape of Victim 1 is unduly prejudicial because if this jury is presented with a finding from another jury that he is guilty of raping Victim 1, they will immediately conclude that he is guilty of the instant offense without fairly evaluating and considering the other evidence presented to them. Further, defendant contends that evidence and testimony about prior rapes of Victims 1 and 2 is unfairly prejudicial because they involve the very same victims as the instant case.

Despite the potential inflammatory nature of the evidence at issue here, this Circuit as well as others have found virtually identical evidence to be highly probative and not unfairly prejudicial to a defendant. Specifically, in *United States v. Davis*, the Second Circuit upheld a district court's decision to admit a defendant's prior conviction upon a guilty plea to a sodomy offense involving a child below the age of 14, to prove the defendant's "propensity and proclivity" to commit the charged offense of sexual exploitation of a minor. 624 F.3d at 511. In conducting a Rule 403 balancing test with respect to the admission of the prior sodomy conviction, the Second Circuit concluded that "[t]here can be no doubt

7

that admission of a prior conviction for child molestation carries a high risk of prejudice for any defendant, especially one charged with sexual exploitation of a minor...[h]owever..such evidence may be 'highly prejudicial' but not necessarily 'unfairly prejudicial'." *Id*. at 512.

Similarly, in *United States v. Tail*, a defendant charged with two counts of sexual abuse and two counts of sexual abuse of a minor made a motion in limine asking the district court to exclude any references to his prior state court conviction for the second degree rape of the same victim. 459 F.3d 854, 857 (8th Cir. 2006). While defendant argued that the state court conviction was irrelevant and extremely prejudicial, the district court determined that it was highly probative, and that it should not be excluded under Rule 403. In upholding the district court's decision to admit the prior conviction, the Eighth Circuit determined that the conviction was probative because it involved the same victim and an act that occurred close in time and under similar circumstances. The Eighth Circuit opined the following with respect to the potentially prejudicial nature of the evidence.

> The evidence was prejudicial in the sense that it tended to suggest that [defendant] had a propensity to commit sexual assaults, but this does not constitute unfair prejudice. To require exclusion of this evidence based on the asserted "inflammatory nature" of sexual offenses would be at odds with the "strong legislative judgment" in favor of admitting such evidence that Congress expressed in adopting Rule 413.

*Id*. at 858.

Further, courts are especially likely to allow evidence of a defendant's prior sexual offenses where the prior offenses involve similar conduct, or occurred in close temporal proximity, to the crime charged. *See also United States v. Guidry*, 456 F.3d 493 (5th Cir. 2006) (district court properly admitted testimony regarding extrinsic sexual assault offense of which defendant was not convicted based upon the similarity of the testimony and charged conduct and the close temporality of the offenses); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (district court properly admitted testimony by adult witness that defendant charged with sexual abuse of a child had sexually abused her twenty years prior, where "both were young girls of six or seven years at the time of the offense, both were related to [defendant]; and the sexual nature of the offenses were similar"); *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007) (where defendant was on trial for traveling in interstate commerce for the purposes of engaging in illicit sexual conduct, the district court did not abuse its discretion in admitting defendant's prior conviction for the attempted rape of a child, since "the similarity between the two offenses was striking").

Here, evidence regarding defendant's prior rapes of Victim 1 and Victim 2 is highly probative. To begin, the prior alleged rapes, as well as the November 2009 state court conviction for rape of Victim 1, involve the very same individuals as the offenses charged. Moreover, when considered together with the offenses charged, the prior acts depict a pattern of similar conduct on the part of defendant

9

between the summer of 2003 and January 2009. It was during this time that defendant allegedly raped pre-teen and teenage female family members, both at his residence and during interstate trucking trips. According to a proffer by the Government, Victim 1 is expected to testify that both during the trucking trips and at defendant's residence, defendant raped her. Victim 2 is expected to testify that both during the trucking trips and at defendant's residence, defendant raped her. Indeed, like the Fourth Circuit stated in *Kelly*, the "similarity between the offenses [is] striking." While this Court is cognizant of the prejudicial nature of this evidence, it recognizes the strong legislative directive and prior precedent which dictates that such evidence is presumptively admissible and its probative value is normally not outweighed by its potential for unfair prejudice. This is especially true here, where the prior alleged rapes provide a more complete picture of the Victims' relationship to and contact with defendant. In fact, it was during an investigation of the January 2009 rape at defendant's residence that Victim 1 revealed what occurred on the interstate trucking trips.

It is for these reasons that the Court finds that the probative value of defendant's prior alleged rapes of Victims 1 and 2 is not substantially outweighed by the risk of unfair prejudice. However, it should be noted that the Court has carefully considered, and will continue to consider, whether, at some point during the trial, the evidence of prior rapes by defendant will become so cumulative as to be unfairly prejudicial. If that point is reached, the Court may exercise its

discretion to exclude further evidence and testimony regarding the prior acts.

*Rule 404(b) Evidence*

The Government indicates that it intends to introduce the following: (1) evidence that during a trucking trip defendant told Victim 1 that he had oral sex with a prostitute; (2) evidence that while stranded in Minnesota due to a snow storm in March of 2007, defendant asked a truck dispatcher if she knew "where he could buy a wife for the night"; and (3) evidence that defendant told a female truck dispatcher that he was "willing to trade sexual favors for a good trucking load." The Government offers these statements pursuant to Federal Rule of Evidence 404(b), which allows the introduction of other acts to prove defendant's "notice, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake of accident." *See* Fed. R. Evid. 404(b). The Government argues that these statements bear directly on defendant's motive for the offense charged. Specifically, the Government contends that these statements show that defendant was "obsessed with sex" and therefore indicate that when defendant brought Victims 1, 2, or 3 across state lines, he intended to engage in sexual contact with them.

To determine whether "other act" evidence is properly admitted under Rule 404(b), a district court must consider whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the

danger of its unfair prejudice; and (4) there is an appropriate limiting instruction. *United States v. Cadet*, 664 F.3d 27 (2d Cir. 2011). The Court finds these statements, while vulgar and inappropriate, are inadmissible because they are not relevant to defendant's motives for bringing his step-daughters and niece with him during interstate trucking trips. Indeed, off-color or sexually explicit comments do not tend to show that an individual took minor female relatives across state lines to engage in sexual contact. Also, because the comments are sexually explicit and defendant is charged with a sexual offense, the Court finds that the minimal probative value is outweighed by the danger of unfair prejudice to defendant.

*Prior Convictions and Violations*

The Government indicates that, should defendant testify, it intends to cross-examine him regarding: (1) an August 1998 conviction for criminal possession of a forged instrument; and (2) a September 1994 conviction for theft of services. Pursuant to Federal Rule of Evidence 609, a witness may be impeached with evidence of a prior conviction that involves dishonesty or a false statement. *See* Fed. R. Evid. 609(a). However, evidence of a conviction more than ten years old is not admissible unless the Court were to determine that "in the interest of justice...the probative value of the conviction supported by specific facts and circumstances substantially outweigh[ed] its prejudicial effect." *See* Fed. R. Evid. 609(b). It is recognized that, under Rule 609(b), "convictions over

10 years old [should] be admitted very rarely and only in exceptional circumstances" because "convictions over ten years old generally do not have much probative value." See Fed. R. Evid 609(b) advisory committee's notes; accord *United States v. Brown*, 606 F. Supp.2d 306 (EDNY 2009).

Defendant's prior convictions for theft of services and forgery are 14 and 18 years old respectively. The convictions involve use of a stolen check and theft of cable television services. Neither contain specific facts or circumstances which would outweigh their prejudicial effect or overcome the strong policy against use of convictions over ten years old for impeachment purposes. Thus, the Government is barred from questioning defendant about these convictions.

The Government also indicates that should defendant testify, it intends to cross-examine him regarding his violation of the March 12, 2009 temporary order of protection issued by Cattaraugus County Family Court, which required defendant to stay away from his minor children. Defendant's violation of a family court order does not constitute a criminal conviction and therefore is inadmissible under Rule 609. Further, while violation of a court order may indicate contempt for the judicial system and irresponsibility, it is not probative of an individual's character for truthfulness.

### ***Conclusion***

For the reasons stated above, the Government may elicit testimony from Victims 1 and 2 regarding the other alleged rapes by defendant. The

13

Government may also introduce defendant's November 2009 certified state court conviction for rape of Victim 1 and the recording of the January 2009 telephone call between defendant and Victim 1. The Court will provide limiting instructions to the jury both at the time this evidence is first admitted and during the final jury charge.

However, the Government is not permitted to introduce defendant's sexually explicit comments or statements as "other act" evidence. Finally, the Government is prohibited from cross-examining defendant regarding his prior convictions for theft of services and possession of a forged instrument and his violation of the Cattaraugus Family Court order.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 18, 2012